UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIZACHEW WONDIE, a single man<br><br>Plaintiff,<br><br>v.<br><br>KING COUNTY, a political subdivision of the State of Washington; KING COUNTY SHERIFF'S OFFICE, an entity of King County; KATHLEEN DECKER, in her official and individual capacities; GEORGE ALVAREZ, in his official and individual capacities; and JOHN / JANE DOE OFFICERS 1-10, in their official and individual capacities,<br><br>Defendants. | NO. 2:21-cv-1623<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED |

COMES NOW the plaintiff, by and through his attorney of record, **DAN N. FIORITO III**, and alleges as follows:

## I.  INTRODUCTION

1.1    This cause of action arises pursuant to 42 U.S.C. §1983 and §1988 from the

COMPLAINT - 1

conduct against GIZACHEW WONDIE ("Mr. Wondie" or "Plaintiff") by Kathleen Decker ("Detective Decker"), George Alvarez and King County on December 6, 2018 that violated his Fourth Amendment rights. Mr. Wondie was arrested without probable cause and he was subjected to an unlawful search based on judicial deception.

1.2 The publicly available record in cause number CR18-315 ("criminal case") indicates Mr. Wondie's rights were violated when Detective Decker provided testimony in her affidavit for a search warrant of Mr. Wondie's residence and person that demonstrated a deliberate falsehood or reckless disregard for the truth. Absent the material misrepresentations presented in her affidavit, the warrant would not have issued. Mr. Wondie's rights were further violated when Mr. Wondie was arrested without probable cause by SWAT team members at the request of Detective Decker to assist with the the execution of the search warrant.

1.3 King County Major Crimes Unit ("MCU") Sheriff Detective Kathleen Decker was the lead investigator of the unsolved homicide of Amarah Riley. She authored a search warrant to search the person and residence of Mr. Wondie for a firearm she believed was involved in the homicide. The search warrant was executed after judicial approval of the search warrant application prepared by Detective Decker. To serve the warrant, Detective Decker asked for, and received, King County Special Weapons and Tactics ("SWAT") assistance. By her own admission at a pre-trial motion hearing, Detective Decker did not have probable cause to arrest Mr. Wondie. Mr. Wondie was unlawfully arrested by SWAT officers and Major Crimes Unit Task Force (MCUTF) officers outside of Seattle Central Community College.

1.4 After his unlawful arrest by SWAT, Mr. Wondie was taken into custody and questioned by Detective Decker and King County Detective John Free at the King County Administration Building. Mr. Wondie was subsequently indicted in the criminal case.

COMPLAINT - 2

1.5     During pre-trial proceedings in the criminal case, Mr. Wondie brought motions to suppress evidence acquired from warrantless search of his person and property.  Also, Mr. Wondie brought a *Franks* Motion alleging that the search warrant authored by Detective Decker included allegations of deliberate falsehood and / or of reckless disregard for the truth.  According to transcripts from the criminal proceeding, Detective Decker wrote in her supporting affidavit that: (1) forensic evidence conclusively established that shell casings from the murder scene she was investigating matched with a gun owned by Mr. Wondie; (2) Mr. Wondie was pictured holding a semi-automatic weapon in a social media post made by an alleged Somalian gang with potential involvement in the Riley homicide investigation; and (3) Mr. Wondie had a propensity for violence.  All three of these statements were demonstrably false or otherwise submitted without any factual basis at the time they were made by Detective Decker.

1.6     The Court granted Mr. Wondie's *Franks* Motion and motion to suppress evidence pursuant to a warrantless search.  All charges in the criminal matter against Mr. Wondie were dismissed with prejudice.

1.7     All the substantive pleadings, exhibits and orders related to the *Franks* Motion and the motion to suppress have been filed under seal.  Mr. Wondie has no access to these materials and has moved to have them unsealed.  The Court ruled on Mr. Wondie's motion to unseal on December 2, 2021, granting in part his motion.  These sealed materials include the search warrant application presented by Detective Decker and her underlying affidavit in support of the search warrant.

1.8     This Complaint is based on information available in the court docket related to the criminal case as well as the filed and public transcripts from the motion hearings.  Mr. Wondie will continue to seek access to the sealed materials so that he can pursue his claims against the

COMPLAINT - 3

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

defendants. As of the writing of this complaint, the materials are unavailable.

## II.     JURISDICTION AND VENUE

2.1   This Court has jurisdiction over these matters by virtue of 28 U.S.C. 1331, 1343(3) & (4), and 1367.

2.2   Venue properly lies in this Court pursuant to 28 U.S.C. 1391.

## III.     THE PARTIES

3.1.   At all times relevant hereto, Mr. Wondie was a single man residing in Seattle, Washington which is located in King County, Washington.

3.2.   Defendant King County was and is at all times material hereto a political subdivision of the state of Washington. Among other things, the County provides law enforcement services through its Sheriff's Department ("King County Sheriff's Office" or "KCSO"). KCSO is and was at all times material hereto a county agency, providing the vehicle through which King County fulfills its policing function.

3.3.   At all times material hereto, Deputy Decker was an employee of King County and acted as an agent for KCSO as a detective and was acting in her individual capacity and within her scope of employment and under color of state law at all times relevant herein. At the time of Mr. Wondie's arrest, Deputy Decker had been with KCSO in a law enforcement capacity for thirty-three years.

3.4.   At all times material hereto, George Alvarez was an employee of King County and acted as an agent for KCSO as a law enforcement officer and SWAT Team Member and was acting in his individual capacity and within his scope of employment and under color of state law at all times relevant herein. Mr. Alvarez has since been terminated from KCSO.

COMPLAINT - 4

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

## IV.    FACTUAL ALLEGATIONS

**Mr. Wondie is arrested without probable cause.**

4.1.    On the morning of December 6, 2018, Mr. Wondie arrived in his vehicle at Seattle Central Community College where he studied computer science.

4.2.    After parking his vehicle, Mr. Wondie was surrounded by SWAT and MCUTF officers with their firearms drawn. The officers banged on the window of the vehicle, told Mr. Wondie to show his hands and to get out of the car. Mr. Wondie cooperated and was removed from the vehicle. KCSO Deputy George Alvarez was the lead officer of the SWAT team.

4.3.    Detective Decker was on scene and transported Mr. Wondie to the King County Administration Building in her law enforcement vehicle with MCU Detective John Free. Detectives Free and Decker questioned Mr. Wondie after reading him his Miranda Warnings.

4.4    In order to receive SWAT assistance, Detective Decker prepared and signed a checklist that contained questions she needed to answer. In response to a question of whether she believed Mr. Wondie or his associates were likely to have assaultive behavior, Detective Decker answered "No." In response to a question of whether she believed Mr. Wondie to be violent, she answered "No." Detective Decker answered these questions prior to submitting her affidavit in support of the search warrant in which she stated Mr. Wondie had a propensity for violence.

4.5    At no time during their contact with Mr. Wondie did SWAT or Detective Decker have probable cause to arrest him. Detective Decker testified at the motion hearing that she did not have probable cause to arrest Mr. Wondie.

COMPLAINT - 5

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

**Detective Decker believed Mr. Wondie had possession of a firearm related to Ms. Riley's murder.**

4.6 Detective Decker found a shell casing at the scene of the Amarah Riley homicide and submitted the casing to the Washington State Patrol Crime Lab ("WSP Lab"). The casing was run through the National Integrated Ballistic Integration Network ("NIBIN") which is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")

4.7. Law enforcement can submit a shell casing to NIBIN to see if it links to the result of any other shell casing in the system. If done properly, it is possible to determine if the shell casing found at a crime scene links to a particular gun using the NIBIN system. Such a link is also known as NIBIN lead. To establish a "match," additional forensic testing is necessary. A NIBIN lead does not rise to the level of a forensic match.

4.8 Detective Decker received an email indicating the shells from the murder scene appeared to correspond with a shell fired from a gun she determined had been previously owned by Mr. Wondie. Based on this information, her investigation turned to Mr. Wondie.

4.9 Under forensic protocols, WSP must perform a microscopic confirmation of any casings before NIBIN leads can be used for warrants, arrests, or at trial, and a formal report must be requested.

4.10 Prior to applying for the search warrant, Detective Decker had been provided with information that "NIBIN is a screening tool. What you need is to have the lead confirmed by the WSP Crime Lab." Detective Decker testified that she knew that she needed to submit her NIBIN lead to the WSP Lab for verification to use the evidence, but indicated she thought that requirement only applied to cases going to trial.

4.11 A lead resulting from a NIBIN query is distinguishable from confirmation that a

COMPLAINT - 6

shell casing is related to particular firearm. A confirmation is also referred to as a match.

4.12  Detective Decker never sought confirmation that the shell casing she submitted to NIBIN matched a gun previously owned by Mr. Wondie.

4.13  NIBIN queries can result in false positive results and further forensic work is necessary to eliminate the potential for a false positive. Hence, to use an NIBIN lead as evidence, and to consider it a match, additional microscopic testing must be performed by the WSP crime lab. Detective Decker disregarded this protocol.

4.14  In her affidavit supporting the search warrant, Detective Decker testified that "the test results link conclusively the shell casings collected from the Amarah Riley murder scene on September 19, 2018 and the Gizachew Wondie Smith and Wesson .40 caliber firearm described above." Detective Decker also testified in her affidavit that "Forensic examination has established that shell casings recovered from the scene matched a gun known to be owned by Gizachew Wondie." At the motion hearing, Detective Decker testified this statement was incorrect.

4.15  It is undisputable that Detective Decker misrepresented the evidentiary value of the NIBIN lead in her affidavit and used it inappropriately in violation of forensic protocols. This was the primary evidence Detective Decker used to link Mr. Wondie to the gun she believed was associated with Ms. Riley's murder.

**Detective Decker attempts to tie Mr. Wondie to gang violence.**

4.16  Detective Decker believed that an individual that employed Ms. Riley may have been involved in Ms. Riley's death and that gang violence may have played a part in her death.

4.17  Prior to applying for the warrant, Detective Decker began looking at social media accounts of potential gangs that she believed may have been related to the homicide case. She

COMPLAINT - 7

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

looked at social media posts of a Somalian music group ("Group A") that law enforcement suspected had gang involvement.

4.18   Detective Decker asked a federal agent familiar with Group A if he had ever heard of Gizachew Wondie.  The agent indicated he had never heard the name.  Detective Decker also received an organizational chart of Group A from SPD.  Mr. Wondie was not on the organizational chart.  Three different SPD officers indicated they did not know of any association between Mr. Wondie and Group A.  There was no evidence of a connection between Mr. Wondie and Group A or that Mr. Wondie was involved with a gang.

4.19   Detective Decker concluded that Mr. Wondie was pictured in a Group A social media post from September 29, 2018 "holding what appears to be a semi-automatic firearm." Detective Decker had access to multiple photos of Mr. Wondie.  Based on her individual review of these photos, and a comparison with a photo from a Group A social media post, she identified a person in the Group A photo as Mr. Wondie.  She submitted the photo with her affidavit indicating Mr. Wondie was the man holding the firearm in the photo.  Detective Decker presented information in her affidavit that Group A was potentially associated with the murder of Ms. Riley.  Mr. Wondie is not the man in the photo.

4.20   Detective Decker testified at the motion hearing that witnesses are less accurate at identifying people of a different race than their own.  She also testified that she had access to a gang identification database known as GETEM which she could have sent a blast out to asking if Mr. Wondie was the person pictured in the Group A picture.  She did not use the resource.

4.21   A defense investigator for Mr. Wondie testified he reviewed the photo found in the Group A post and concluded within 90 minutes of research the person pictured in the Group A photo was 100 percent not Mr. Wondie and instead 100 percent another individual he had

COMPLAINT - 8

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

identified from other social media and news publications.

**Detective Decker falsely testified Mr. Wondie had a propensity for violence.**

4.22     In her affidavit, Detective Decker indicated Mr. Wondie had a propensity for violence.

4.23     During her testimony at the motion hearing, Detective Decker was unable to present any factual basis to support this allegation or to reconcile her previous answer made in the request for SWAT that she did not believe Mr. Wondie was violent.

**Detective Decker presents false information under oath that forms the factual basis for the warrant issued by a King County Superior Court Judge.**

4.24     Detective Decker presented her search warrant affidavit to a King County Superior Court Judge swearing under oath that (1) Forensic examination has established that shell casings recovered from the scene matched a gun known to be owned by Gizachew Wondie; (2) Mr. Wondie had a propensity for violence; and (3) Mr. Wondie was the individual pictured in a social media post of a suspected gang that had potential involvement in the homicide and was holding a semi-automatic firearm.

4.25     All three sworn statements are demonstrably false and unsupported by any evidence.  The judge issued the search warrant based on Detective Decker's false testimony. The search warrant was executed after Mr. Wondie's arrest on December 6, 2018.  The gun was not located pursuant to the search.

**The Government pursues charges against Mr. Wondie.**

4.26     On December 19, 2019, Mr. Wondie was indicted in the criminal matter. He was arraigned on January 3, 2019.  Mr. Wondie pled not guilty to all the charges. In the Complaint, the Government alleged that KCSO investigated Mr. Wondie "for a homicide" and that KCSO

COMPLAINT - 9

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

believed that Mr. Wondie "was in possession of the murder weapon."

4.27   On January 20, 2021, Mr. Wondie filed a motion to suppress based on his unlawful arrest. The motion was filed under seal due to a protective order in place governing the dissemination of evidence in the case.

4.28   On January 20, 2021, Mr. Wondie filed a motion for a *Franks* Hearing based on Detective Decker's testimony to the judge from whom she sought the warrant. The motion was filed under seal due to a protective order in place governing the dissemination of evidence in the case.

4.29   Testimony for both motions was heard over four days on June 7, 2021, June 8, 2021, June 21, 2021, and June 22, 2022. Detective Decker testified on June 21, 2021.

4.30   On July 2, 2021, the Court entered an order under seal in the criminal matter (DKT #314) entitled "Order on Defendant's *Franks* Motion as to Gizachew Wondie."

4.31   On August 9, 2021, the Court entered an order under seal in the criminal matter (DKT #321) entitled "Order Granting Sealed Motion to Suppress Evidence of Warrantless Search as to Gizachew Wondie."

4.32   On August 13, 2021, the Court entered an order dismissing the indictment with prejudice.

4.33   On September 16, 2021, Mr. Wondie filed a motion to unseal the Court's orders. The Government opposed the motion. On December 2, 2021, the Court granted in part Mr. Wondie's motion to unseal. As of the date of the filing of this Complaint, the sealed materials are not yet available to Mr. Wondie.

4.34   As a matter of law, it has been decided that on December 6, 2018, Mr. Wondie was unlawfully arrested by the defendants. The Government had a full and fair opportunity to

COMPLAINT - 10

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

litigate the issues related to the lawfulness of Mr. Wondie's arrest.

4.35  As a matter of law, it has been decided that Detective Decker, as the affiant of the search warrant executed upon Mr. Wondie, knowingly and intentionally, or with reckless disregard for the truth, included multiple false statements in her warrant affidavit; and the false statements were necessary to a finding of probable cause.  The Government had a full and fair opportunity to litigate the issues related to the *Franks* Motion.

### V.  CAUSE OF ACTION – CLAIMS PURSUANT to 42 U.S.C. §1983 and §1988

5.1  Paragraphs 1.1 through 4.35 are realleged as if fully set forth herein.

5.2  At all material times hereto, all Defendants were acting under color of state law. At all material times hereto, Plaintiff had a constitutionally protected liberty interest in life, personal security, bodily integrity, being free from harmful physical contact or emotional injury, freedom to move or travel, and had constitutionally protected rights to equal protection, as well as to procedural and substantive due process of law as provided by the 4th and 14th Amendment to the Constitution of the United States.

5.3  The acts and omissions of the Defendant King County, by and through their agents and representatives identified above constitute a pervasive pattern of recklessness, deliberate indifference, gross negligence and/or wanton/willful misconduct in regard to the rights of Plaintiff.

5.4  The individual defendants named above acted in a manner that deprived Plaintiff of constitutionally protected liberty interests in life, personal security, bodily integrity, movement, travel and deprived Plaintiff of equal protection and procedural and substantive due process of law. Said individual defendants further acted in a manner that was

COMPLAINT - 11

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

deliberately indifferent, wanton and willful and which reflected a reckless disregard for Plaintiff's well-being.

5.5   The Plaintiff was unlawfully seized without probable cause by the defendants.

5.6   The Plaintiff was subjected to an unlawful search and seizure based on the judicial deception of Detective Decker.

5.7   Plaintiff was injured by the unconstitutional policies, customs and procedures implemented and followed by the King County Sheriff's Department in violation of his civil rights as provided by the 4th and 14th Amendments to the Constitution of the United States and King County is liable under 42 U.S.C. § 1983 and§ 1988.

5.8   Defendants King County and King County Sheriff's Department knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs rights, failed to instruct, supervise, train, control and/or discipline on a continuing basis Defendant officers and other officers in their duty.

5.9   Defendants King County and King County Sheriff's Department had power to prevent the commission of the aforesaid wrongs, could have done so by reasonable diligence, but failed to do so with deliberate indifference and callous disregard of the rights of Plaintiff.

5.10   As a direct and proximate cause of defendants' violation of Plaintiffs rights, Plaintiff has suffered economic and emotional damages in amounts to be proven at trial.

5.11   Defendants' malicious, intentional and / or reckless disregard for Plaintiffs clearly established constitutional rights warrants an award of punitive damages.

5.12   By reason of all the foregoing allegations, Plaintiff is entitled to an award of damages against the defendants, jointly and severally, for his injuries and damages including

COMPLAINT - 12

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM

all general and special damages and including punitive damages under federal common law and 42 U.S.C. § 1983 and for their costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

(a) For judgments in such amounts as shall be proven at the time of trial including general and specific damages.

(b) For pre-judgment interest at the statutory rate on all items of special damages including, without limitation, expenses of medical care and treatment and wage loss.

(c) For an award of attorney's fees and costs incurred herein.

(d) For such other and further relief as the Court deems just and equitable.

Signed this 3rd day of December, 2021

THE LAW OFFICE OF DAN N. FIORITO III

Attorney for Plaintiff

By: *s/ Dan N. Fiorito III*
DAN N. FIORITO III
WSBA #34009
The Law Office of Dan N. Fiorito III
2470 Westlake Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 299-1582
Fax: (206) 770-7590
Email: dan@danfiorito.com

COMPLAINT - 13

LAW OFFICE OF DAN N. FIORITO III
2470 WESTLAKE AVE N, SUITE 201
SEATTLE, WASHINGTON 98109
PHONE: (206) 299-1582 FAX 206-770-7590
EMAIL:DAN@DANFIORITO.COM