The Honorable John H. Chun
US District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GIZACHEW WONDIE,

    Plaintiff,

vs.

KING COUNTY, a political subdivision of the State of Washington; KING COUNTY SHERIFF'S OFFICE, an entity of King County; KATHLEEN DECKER, in her official and individual capacities; GEORGE ALVAREZ, in his official and individual capacities; and JOHN / JANE DOE OFFICERS 1-10, in their official and individual capacities,

    Defendants.

No. 2:21-cv-01623-JHC

DEFENDANT KING COUNTY'S FRCP 12(c) MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
June 24, 2022

I.     RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(c), defendants King County and King County Sheriff's Office (hereinafter "King County") ask the Court to dismiss plaintiff Gizachew Wondie's "custom and policy" (*Monell*) claim against King County defendants because he fails to allege sufficient facts to support the theory.

KING COUNTY'S FRCP 12(c) MOTION TO DISMISS (2:21-cv-01623-JHC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

## II.   FACTS

Plaintiff Gizachew Wondie filed this 42 U.S.C. § 1983 civil rights action in December 2021 against King County, King County Sheriff's Office,[1] and two King County Sheriff's detectives, defendants Kathleen Decker and George Alvarez. Wondie generally alleges that Detective Decker violated his constitutional rights by securing a search warrant through "judicial deception." Wondie contends that in obtaining the warrant, Decker falsely represented to a King County Superior Court judge that: (1) forensic testing of shell casings recovered from a murder scene matched a gun owned by Wondie; (2) Wondie had a propensity for violence, and (3) was an individual pictured in a social media post of suspected gang members that were involved in the homicide. *See* Dkt. 1 (plaintiff's complaint) at 9. Wondie contends that defendant Alvarez was the "lead officer of the SWAT" team that took him into custody when he was arrested on December 6, 2018. *Id.*, at 5 (para. 4.2).

Wondie alleges a *Monell*[2] "custom and policy" claim against defendant King County and the King County Sheriff's Office. He maintains that King County implemented and followed "unconstitutional policies, customs and procedures" in violation of his rights guaranteed under the Fourth Amendment of the United States Constitution. *Id.*, at 12 (para. 5.7). He further contends that King County "knowingly, recklessly, or with deliberate indifference and callous disregard of [his] rights, failed to instruct, supervise, train, control and/or discipline" Decker and Alvarez. *Id.*, at 12 (para. 5.8). Wondie's complaint, however, alleges no facts supporting this claim.

---

[1] King County is not a separate entity from the "King County Sheriff's Office" (KCSO). As a County department, KCSO is not a separate entity with the capacity to be sued. *See DiMaio v. County of Snohomish, Department of the Sheriff*, 2107 WL 3288177 *3 (W.D.Wash. 2017) (plaintiff must name the county itself as a party to action; not a municipal department – the capacity to be sued is limited to the county itself). Thus, defendants "King County" and "King County Sheriff's Office" are one and the same and will be referred to as "King County" herein.
[2] *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

KING COUNTY'S FRCP 12(c) MOTION TO
DISMISS (2:21-cv-01623-JHC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

III.     ARGUMENT

A.   Rule 12(c) Standards

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), the Court can grant judgment on the pleadings when—accepting all factual allegations in the complaint as true—there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The Ninth Circuit has stated that the Rule 12(c) standard is "substantially identical" to the Rule 12(b)(6) standard. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

If a court finds that the plaintiff did not allege sufficient facts "to raise a right to relief above the speculative level" and support a cognizable legal theory, it may dismiss the complaint as a matter of law. *Twombly*, 550 U.S. at 555. At this stage, a court must take all well-pled allegations of material fact as true and construe them in the light most favorable to the plaintiff. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019).

KING COUNTY'S FRCP 12(c) MOTION TO
DISMISS (2:21-cv-01623-JHC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

B. <u>Custom and Policy (*Monell*) Pleading Requirements</u>.

To state a claim against a municipality under Section 1983, a plaintiff must allege facts supporting the reasonable inference that a municipality adopted a policy, custom, or practice that amounted to deliberate indifference to the plaintiff's constitutional right and resulted in a deprivation of the constitutional right. *See Monell*, 436 U.S. at 691-92; *see also Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A plaintiff can plead a policy by supplying sufficient facts demonstrating that the municipality (1) adopted an official policy or had an established custom that led to the constitutional violation, (2) failed to act in a way that amounts to a policy of deliberate indifference to constitutional rights, or (3) that an official with final policy-making authority committed the constitutional violation or ratified a subordinate's violation. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016). A plaintiff's allegations "may not simply recite the elements" of municipal liability and instead must "put forth additional facts regarding the specific nature" of the alleged policy and its relationship to the alleged constitutional violation. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

To adequately plead municipal liability based on a failure to train or supervise, a plaintiff must allege that (1) the current training program is inadequate given the tasks the officers must perform; (2) the failure to train amounts to deliberate indifference of the rights of the people with whom the officers will come into contact; and (3) the inadequate training actually caused the deprivation of the constitutional right. *See Dougherty*, 654 at 900. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The plaintiff must therefore allege facts that the defendant disregarded known or obvious consequences arising from a particular omission in its training

KING COUNTY'S FRCP 12(c) MOTION TO DISMISS (2:21-cv-01623-JHC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

program that would cause its officers to violate constitutional rights. *See Flores v. City of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014).

C. <u>Plaintiff Wondie's complaint fails to allege sufficient facts to support a "custom and policy" claim against King County.</u>

In this case, the entirety of "facts" Wondie alleges to support his "custom and policy" claim against King County is contained in three paragraphs (nos. 5.7, 5.8, and 5.9) on page 11 of his Complaint, under the heading "Cause of Action":

> 5.7  Plaintiff was injured by the unconstitutional policies, customs and procedures implemented and followed by the King County Sheriff's Department in violation of his civil rights as provided by the 4th and 14th Amendments to the Constitution of the United States and King County is liable under 42 U.S.C. §1983 and §1988.
>
> 5.8  Defendants King County and King County Sheriff's Department knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs rights, failed to instruct, supervise, train, control and/or discipline on a continuing basis Defendant officers and other officers in their duty.
>
> 5.9  Defendants King County and King County Sheriff's Department had power to prevent the commission of the aforesaid wrongs, could have done so by reasonable diligence, but failed to do so with deliberate indifference and callous disregard of the rights of Plaintiff.

Wondie fails to identify what policies, customs, and procedures are unconstitutional and led to a violation of his civil rights. Wondie fails to identify what training and supervision practices are deficient or how the deficiencies harmed him. *See Chen v. D'Amico*, 2018 WL 1508909 *5 (W.D.Wash. 2018); *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009) (concluding that the complaint failed to identify "what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hire practices caused Plaintiff's harm"). Nowhere does Wondie allege facts giving rise to the plausible inference that the County's existing training and supervisory programs are deficient.

KING COUNTY'S FRCP 12(c) MOTION TO DISMISS (2:21-cv-01623-JHC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

*See generally id.* And he offers a mere conclusory allegation stating that the County's failures amount to deliberate indifference. *See Chen*, 2018 WL 1508909 *5 (conclusory allegation that City's training and supervisory programs were inadequate is insufficient; plaintiff failed to state a Section 1983 claim based on a failure to train and supervise). For these reasons, Wondie fails to state a Section 1983 claim based on a failure to train and supervise. Moreover, his complaint fails to allege a "custom and policy" claim against King County on any other ground.

## IV.   CONCLUSION

Because plaintiff Gizachew Wondie fails to adequately allege a "custom and policy" (*Monell*) claim against King County and King County Sheriff's Office for failure to train and supervise (or any other theory), King County and King County Sheriff's Office asks the Court to dismiss his claims as a matter of law pursuant to Federal Rule of Civil Procedure 12(c).

DATED this 2nd day of June, 2022, at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: */s/ John R. Zeldenrust*
JOHN R. ZELDENRUST, WSBA #19797
By: */s/ Karissa Taylor*
KARISSA TAYLOR, WSBA #31563
Senior Deputy Prosecuting Attorneys
1191 Second Avenue, Suite 1700
Seattle, WA. 98101
Telephone: (206) 477-1120
Fax: (206) 296-8819
E-Mails: john.zeldenrust@kingcounty.gov
karissa.taylor@kingcounty.gov
Attorneys for King County Defendants

KING COUNTY'S FRCP 12(c) MOTION TO
DISMISS (2:21-cv-01623-JHC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on June 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system, which will send notification of such filing to the following:

| *Attorney for Plaintiff* | *Attorneys for Defendant George Alvarez* |
|---|---|
| Dan N. Fiorito, III, WSBA #34009<br>The Law Office of Dan N. Fiorito III<br>2470 Westlake Ave N., Suite 201<br>Seattle, WA 98109<br>Telephone: (206) 299-1582<br>Fax: (206) 770-7590<br>Email: dan@danfiorito.com | Scott C. Wakefield, WSBA #11222<br>Dan Kirkpatrick, WSBA #38674<br>Zach Parker, WSBA #53373<br>Wakefield & Kirkpatrick, PLLC<br>17544 Midvale Avenue No., Suite 307<br>Shoreline, WA 98133<br>Telephone: (206) 629-5489<br>Fax (206) 629-2120<br>Email: swakefield@wakefieldkirkpatrick.com<br>dkirkpatrick@wakefieldkirkpatrick.com<br>zparker@wakefieldkirkpatrick.com |
| *Attorneys for Defendant Kathleen Decker*<br><br>Steven W. Fogg, WSBA #23528<br>Taryn M. Basauri, WSBA #51637<br>Corr Cronin, LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>Telephone: (206) 625-8600<br>Fax: (206) 625-0900<br>sfogg@corrcronin.com<br>tbasauri@corrcronin.com | |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct

DATED this 2nd day of June, 2022

/s/ Karen Richardson
Karen Richardson
Paralegal – Civil Litigation
King County Prosecuting Attorney's Office
Email: karen.richardson@kingcounty.gov

KING COUNTY'S FRCP 12(c) MOTION TO DISMISS (2:21-cv-01623-JHC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 / Fax (206) 296-8819