THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIZACHEW WONDIE,<br><br>               Plaintiff,<br><br>   v.<br><br>KING COUNTY, et al.,<br><br>              Defendants. | Case No. 2:21-cv-01623-JHC<br><br>**DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES** |

Defendant Kathleen Decker answers Plaintiff's Amended Complaint for Damages ("Complaint") and asserts affirmative defenses thereto as follows:

## **INTRODUCTION**[1]

It is difficult to think of a law enforcement official with a better reputation than Detective Kathleen Decker. Ms. Decker has honorably served her Country, State, and County for three decades. Ms. Decker's achievements are legion and legend. From rising through the ranks from patrol officer to detective through hard work and principled innovation, to catching serial killers, she has served the innocent.

---

[1] Plaintiff's Amended Complaint frequently references Ms. Decker's testimony at the *Franks* hearing, which was given with the benefit of hindsight and without the opportunity to provide any clarifying context. This brief introduction provides the proper context for Ms. Decker's actions *at the time she took them*, which will inform the reasonableness of her alleged mistakes under Section 1983.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 1

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Ms. Decker performed her duties as a detective with the utmost responsibility and rectitude. She has investigated dozens of homicides with dozens of victims. One such victim was Amarah Riley. Ms. Decker was the lead detective assigned to Amarah's homicide investigation. In that capacity, Ms. Decker obtained a spate of information leading her to believe Plaintiff possessed the gun associated with shell casings recovered from the scene of Amarah's homicide. Ms. Decker obtained in good faith a search warrant to pursue this lead, prompting the allegations underlying Plaintiff's Complaint, which Ms. Decker answers as follows:

## ANSWER

### I.   INTRODUCTION

1.1   The allegations in Paragraph 1.1 are vague. Ms. Decker cannot form a belief as to those allegations and therefore denies them. Ms. Decker specifically denies that the search of Mr. Wondie was based on "judicial deception."

1.2   Ms. Decker denies the allegations in Paragraph 1.2.

1.3   Ms. Decker admits the allegations in the first four sentences in Paragraph 1.3, subject to the caveat that the term "authored" is vague and Ms. Decker does not admit to being the only author of the search warrant. The allegations in the last two sentences seek a legal conclusion, which Ms. Decker is not required to answer. In any event, the transcript speaks for itself as to Ms. Decker's testimony.

1.4   Ms. Decker admits only that she and Detective John Free questioned Plaintiff following his resulting arrest for possession of drugs in plain view. Ms. Decker denies the remaining allegations in Paragraph 1.4.

1.5   Responding to the first three sentences, the transcript speaks for itself. Ms. Decker denies the last sentence in Paragraph 1.5.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 2

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1.6     Ms. Decker admits Paragraph 1.6.

1.7     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 1.7 and therefore denies the same.

1.8     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 1.8 and therefore denies the same.

## II.     JURISDICTION AND VENUE

2.1     The allegations in Paragraph 2.1 seek a legal conclusion, which Ms. Decker is not required to answer.

2.2     The allegations in Paragraph 2.2 seek a legal conclusion, which Ms. Decker is not required to answer.

## III.     THE PARTIES

3.1     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 3.1 and therefore denies the same.

3.2     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 3.2 and therefore denies the same.

3.3     Ms. Decker admits only the last sentence and denies the remaining allegations in Paragraph 3.3.

3.4     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 3.4 and therefore denies the same.

## IV.     FACTUAL ALLEGATIONS

4.1     Ms. Decker admits Mr. Wondie was in his vehicle at Seattle Central Community College on December 6, 2018.  Ms. Decker lacks sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 4.1 and therefore denies the same.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 3

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 2:21-cv-01623-JHC   Document 43   Filed 07/22/22   Page 4 of 13

4.2     Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 4.2 and therefore denies.

4.3     Ms. Decker admits Paragraph 4.3.

4.4     Ms. Decker admits Paragraph 4.4.

4.5     The allegations in the first sentence in Paragraph 4.5 seek a legal conclusion, which Ms. Decker is not required to answer. Ms. Decker admits only that she testified she did not have probable cause to arrest Plaintiff for murder and denies the remaining allegations in the second sentence in Paragraph 4.5.

4.6     Ms. Decker admits Paragraph 4.6.

4.7     Ms. Decker admits only the first three sentences. The remaining allegations in Paragraph 4.7 are vague and Ms. Decker therefore denies them.

4.8     Ms. Decker admits Paragraph 4.8.

4.9     The allegations in Paragraph 4.9 are vague, including as to the word "protocol," such that Ms. Decker cannot form a belief as to those allegations and therefore denies them.

4.10    The allegations in Paragraph 4.10 are vague, including as to the applicable timeline and the phrase "use the evidence," and Ms. Decker therefore denies them.

4.11    The allegations in Paragraph 4.11 are vague, including as to the phrase "related to," such that Ms. Decker cannot form a belief as to those allegations and therefore denies them.

4.12    The allegations in Paragraph 4.12 are vague, including as to the word "confirmation," such that Ms. Decker cannot form a belief as to those allegations and therefore denies them.

4.13    The allegations in Paragraph 4.13 are vague, including as to the phrase "to use an NIBIN lead," such that Ms. Decker cannot form a belief as to those allegations and therefore

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 4

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  denies them.

2      4.14    Ms. Decker admits only the first two sentences in Paragraph 4.14 subject to the caveat that she only testified the quoted language in the second sentence was incorrect. The allegations in the last sentence of Paragraph 4.14 are vague, including the applicable timeline and meaning of the term "this statement," such that Ms. Decker cannot form a belief as to those allegations and therefore denies them.

    4.15    The unidentified but referenced documents and Ms. Decker's testimony speak for themselves. Ms. Decker otherwise denies Paragraph 4.15. Ms. Decker specifically denies that she was aware a NIBIN lead could not be used to obtain a search warrant.

    4.16    Ms. Decker denies Paragraph 4.16.

    4.17    Ms. Decker admits Paragraph 4.17.

    4.18    Ms. Decker admits Paragraph 4.18.

    4.19    Ms. Decker admits only sentences one, two, three, four, and five of Paragraph 4.18. Ms. Decker denies the sixth sentence in Paragraph 4.19.

    4.20    The language in Ms. Decker's application for a search warrant and supporting affidavit speaks for itself.

    4.21    Ms. Decker admits only that she had access to a gang identification database known as GETEM, that she used it, and does not recall whether she used it during the course of investigating Plaintiff. Ms. Decker denies the remaining allegations in Paragraph 4.21.

    4.22    Ms. Decker lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 4.22 and therefore denies the same.

    4.23    Ms. Decker admits Paragraph 4.23

    4.24    Ms. Decker denies Paragraph 4.24.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 5

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4.25     The affidavit speaks for itself.

4.26     Ms. Decker admits only the fourth and fifth sentences in Paragraph 4.26. Ms. Decker denies the remaining allegations in Paragraph 4.26.

4.27     Ms. Decker admits the allegations contains in the first three sentences in Paragraph 4.27.  Ms. Decker admits only that the last sentence contains quotes taken from the Complaint filed in USDC Case No. 18-cr-00315-RAJ-1 and that this document speaks for itself. To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.28     Ms. Decker makes no response as it appears none is required, and the relevant court records speak for themselves.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.29     Ms. Decker makes no response as it appears none is required, and the relevant court records speak for themselves.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.30     Ms. Decker admits she testified at a hearing on June 21, 2021.  Ms. Decker lacks sufficient information or knowledge to form a belief as to the remaining allegations in Paragraph 4.30 and therefore denies the same.

4.31     Ms. Decker lacks privity to/with the United States Government and lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 4.31 and therefore denies the same.

4.32     Ms. Decker lacks privity to/with the United States Government and lacks sufficient information or knowledge to form a belief as to the allegations in Paragraph 4.32 and

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 6

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

therefore denies the same.

4.33 Ms. Decker admits Paragraph 4.33.

4.34 Ms. Decker makes no response as it appears none is required, and the relevant court records speak for themselves. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied. To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.35 The allegations in Paragraph 4.35 seek a legal conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker lacks privity to/with the United States Government and denies Paragraph 4.35.

4.36 The allegations in Paragraph 4.36 seek a legal conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker lacks privity to/with the United States Government and denies Paragraph 4.36.

4.37 Ms. Decker admits that she was not disciplined for her involvement in Mr. Wondie's case and that King County took not corrective action as a consequence of her involvement in Mr. Wondie's case. Ms. Decker lacks sufficient information or belief regarding the remaining allegations in Paragraph 4.37 and therefore denies the same.

4.38 The allegations in Paragraph 4.38 are directed to other defendants and Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker lacks sufficient information or belief regarding the allegations in Paragraph 4.38 and therefore denies the same.

4.39 Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself. However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied. To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 7

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4.40     Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.41     Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.42     Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.43     Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.44     Ms. Decker makes no response as it appears none is required, and the cited case speaks for itself.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.45     Ms. Decker makes no response as it appears none is required, and the relevant court records speak for themselves.  However, to the extent factual allegations are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.  To the extent

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 8

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

these allegations allege any wrongdoing by Ms. Decker, they are expressly denied.

4.46    Ms. Decker denies Paragraph 4.46.

**V.    CAUSE OF ACTION – CLAIMS PURSUANT to 42 U.S.C. §1983 and §1988**

5.1    Ms. Decker realleges Paragraphs 1.1 through 4.35 of this Answer as if fully set forth herein.

5.2    The allegations in Paragraph 5.2 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker admits only that she was acting under the color of state law and denies the remaining allegations in Paragraph 5.2.

5.3    The allegations in Paragraph 5.3 are directed to other defendants and seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.3.

5.4    The allegations in Paragraph 5.4 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.4.

5.5    The allegations in Paragraph 5.5 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.5.

5.6    The allegations in Paragraph 5.6 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.6 and specifically denies "judicial deception."

5.7    The allegations in Paragraph 5.7 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.7.

5.8    The allegations in Paragraph 5.8 seek a legal conclusion, which Ms. Decker is not required to answer.  To the extent an answer is required, Ms. Decker denies Paragraph 5.8.

5.9    The allegations in Paragraph 5.9 contain argumentative rhetoric and seek a legal

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 9

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker denies Paragraph 5.9.

5.10  The allegations in Paragraph 5.10 are directed to other defendants and Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker lacks sufficient information or belief regarding the allegations in Paragraph 5.10 and therefore denies the same.

5.11  Answering the first two sentences, Ms. Decker's testimony speaks for itself and she specifically denies Paragraph 5.11 to the extent it misrepresents her testimony. Ms. Decker lacks sufficient information or belief regarding the remaining allegations in Paragraph 5.11 and therefore denies the same.

5.12  Ms. Decker admits only the first sentence in Paragraph 5.12. Ms. Decker specifically denies Mr. Wondie was arrested without probable cause. Ms. Decker lacks sufficient information or belief regarding the remaining allegations in Paragraph 5.12 and therefore denies the same.

5.13  The allegations in Paragraph 5.13 are directed to other defendants and Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker lacks sufficient information or belief regarding the allegations in Paragraph 5.13 and therefore denies the same.

5.14  The allegations in Paragraph 5.14 seek a legal conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker denies Paragraph 5.14.

5.15  The allegations in Paragraph 5.15 seek a legal conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker denies Paragraph 5.15.

5.16  The allegations in Paragraph 5.16 seek a legal conclusion, which Ms. Decker is not required to answer. To the extent an answer is required, Ms. Decker denies Paragraph 5.16.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 10

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## VI.   PLAINTIFF'S PRAYER FOR RELIEF

Ms. Decker denies liability for Plaintiff's claims and denies Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims against Ms. Decker should be dismissed based on the doctrine of qualified immunity.

3. Plaintiff has failed to mitigate his damages and protect himself from avoidable consequences.

4. Plaintiff's claims should be estopped or, at a minimum, offset based on the doctrine of unclean hands.

5. Plaintiff's injuries, if any, were the result of Plaintiff's own unlawful or unreasonable conduct.

6. At times relevant to Plaintiff's Complaint, Officer Decker, with a reputation for truthfulness and good character, acted lawfully, in good faith, without malice, within the course and scope of her employment and duties, with a reasonable belief that her actions were lawful and proper and without mal-intent.

7. Plaintiff was lawfully arrested for possession of contraband.

8. Ms. Decker incorporates the affirmative defenses of any other defendant in this litigation to the extent such affirmative defenses are consistent with Ms. Decker's Answer and Affirmative Defenses to Plaintiff's Complaint for Damages.

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 11

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

9. Ms. Decker reserves the right to supplement or strike any of these affirmative defenses or to assert additional affirmative defenses as discovery in this matter may reveal to be appropriate.

## MS. DECKER'S PRAYER FOR RELIEF

1. Dismissal of Plaintiff's claims against Ms. Decker with prejudice;

2. An award of attorneys' fees and costs to the extent permitted under applicable law; and

3. Such other and further relief as the Court deems just and equitable.

DATED: July 22, 2022

CORR CRONIN LLP

*s/ Taryn M. Basauri*
Steven W. Fogg, WSBA No. 23528
Taryn M. Basauri, WSBA No. 51637
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
tbasauri@corrcronin.com

*Attorneys for Defendant Kathleen Decker*

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 12

CORR CRONIN LLP
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dan N. Fiorito III, WSBA No. 34009
The Law Office of Dan N. Fiorito III
2470 Westlake Avenue N., Suite 201
Seattle, WA 98109
dan@danfiorito.com
*Attorney for Plaintiff*

John Robert Zeldenrust , WSBA No. 19797
Karissa Lynne Taylor, WSBA No. 31563
King County Prosecuting Attorney's Office
1191 Second Avenue, Suite 1700
Seattle, WA 98101
john.zeldenrust@kingcounty.gov
karissa.taylor@kingcounty.gov
*Attorneys for Defendants King County; King County Sheriff's Office; and Kathleen Decker*

Daniel R Kirkpatrick, WSBA No. 38674
Scott Channing Wakefield, WSBA No. 11222
Zachary B. Parker, WSBA No. 53373
Wakefield & Kirkpatrick PLLC
17544 Midvale Avenue N., Suite 307
Shoreline, WA 98133
dkirkpatrick@wakefieldkirkpatrick.com
swakefield@wakefieldkirkpatrick.com
zparker@wakefieldkirkpatrick.com
*Attorneys for Defendant George Alvarez*

DATED: July 22, 2022.

    *s/ Taryn M. Basauri*
Taryn M. Basauri, WSBA No. 51637
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 Phone
(206) 625-0900 Fax
sfogg@corrcronin.com
*Attorneys for Defendant Kathleen Decker*

DEFENDANT KATHLEEN DECKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES - 13

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 4300
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900