UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIZACHEW WONDIE, | CASE NO. 2:21-cv-01623-JHC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY et al., | |
| Defendant. | |

# I

## INTRODUCTION

This matter comes before the Court on Defendant King County's Rule 12(b)(6) Motion to Dismiss. Dkt. # 42. The Court GRANTS the motion without prejudice and GRANTS Plaintiff leave to amend.

# II

## BACKGROUND

Because the parties are familiar with the facts, this order merely summarizes the case. *See generally* Dkt. # 41 (operative complaint).

ORDER - 1

In connection with an ongoing criminal investigation, Detective Kathleen Decker applied for a warrant to search and arrest Plaintiff Gizachew Wondie. A judge approved a warrant based on Decker's affidavit. But the affidavit contained omissions and misstatements, without which no probable cause existed. For example, the complaint alleges that Decker misrepresented the evidentiary value of certain ballistics reports and that Decker improperly suggested that Mr. Wondie was involved in a particular gang. Pursuant to that warrant, Wondie was arrested on December 6, 2018. Deputy George Alvarez was the lead officer of the SWAT team that carried out the arrest.

The government then brought charges against Wondie. In his federal criminal proceedings, Wondie filed a *Franks* motion (arguing that the warrant lacked probable cause) and a motion to suppress. *Id.* at 11. The court granted the motion, concluding that Decker submitted misrepresentations and omissions in her application for a warrant, and without such statements, the warrant would fail for lack of probable cause. Dkt. # 41-1 at 12 (*Franks* order); Dkt. # 41-2 (suppression order). The court then dismissed all charges against Wondie. Dkt. # 41 at 3.

Wondie filed this action against Decker, Alvarez, King County, and the King County Sheriff's Office asserting causes of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The complaint asserts that Defendants violated his Fourth Amendment rights. The complaint also asserts that King County ratified the unlawful actions of its employees and adopted an informal policy or custom that permitted unconstitutional conduct. The Court dismissed the original complaint without prejudice following the County's motion to dismiss, and it granted Plaintiff leave to amend. Dkt. # 40. Wondie filed an amended complaint (Dkt. # 41), and the County once again moves to dismiss (Dkt. # 42).

### III

#### DISCUSSION

The County moves to dismiss Wondie's *Monell* claim. Dkt. # 42. Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim if it "fails to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead enough facts that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Wondie asserts that the County endorsed, ratified, or facilitated three categories of wrongdoing: (1) "judicial deception" (perpetrated by individuals who recklessly or knowingly lied to a court to manufacture probable cause and secure a warrant), (2) misuse of ballistics evidence (used to secure a warrant without probable cause), and (3) improper use of SWAT resources to carry out unlawful arrests. Dkt. # 41 at 2. For each of these alleged wrongs, Plaintiff seems to assert two theories of *Monell* liability. First, Wondie seems to suggest that the County has adopted an informal custom of wrongdoing so pervasive as to amount to the government's own policy. *See* Dkt. # 41 at 14. Second, Wondie stresses that the County "ratified" the alleged constitutional violations perpetrated by Decker and Alvarez. *See id.* at 15.

While a plaintiff may sue a local government under 42 U.S.C § 1983, a municipality cannot be held liable "unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A local government cannot be held liable based on vicarious liability or *respondeat superior* liability; a municipality is not liable just because one of its employees commits a constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–87 (1989). Rather, a local government is liable only for its "*own* illegal acts." *Connick v.*

*Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).

A.  Longstanding Practice or Custom

A *Monell* claim exists only when the injury results from "official municipal policy." *Monell v. Dep't of Soc. Serv. of City New York*, 436 U.S. 658, 691 (1978). But "such a policy need not be expressly adopted by a municipality. It is sufficient that the constitutional violation occurred pursuant to a 'longstanding practice or custom.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (citation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Here, there is little doubt that the complaint fails to establish a "longstanding practice or custom" as to two of the three alleged categories of wrongdoing: improper use of ballistics evidence and misuse of SWAT resources to carry out an unlawful arrest. Wondie concedes that "this is the only instance known by plaintiff at this time of a King County detective intentionally misusing NIBIN evidence without correction by King County," but still insists that "the inference is that it happens regularly." Dkt. # 41 at 16. But it is not plausible to infer from a single incident, without more, that such misconduct happens regularly. Similarly, the amended complaint identifies no other instances of misuse "of SWAT resources to scare individuals before unlawfully arresting them." *Id.* at 17. In short, there is not enough factual material to "nudge[] the[] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. 1955 at 1974. "A plaintiff cannot prove the existence of a *municipal* policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989).

Whether the amended complaint plausibly suggests a "policy or custom" of "judicial deception" in applications for warrants presents a closer question. But the pleading still falls short. In addition to the alleged misconduct presented here, Wondie mainly relies on allegations of misconduct like those in *Wheeler v. Broggi*. No. C19-1410-JCC-MAT, 2020 WL 5350641 (W.D. Wash. Feb. 11, 2020), *report and recommendation adopted*, No. C19-1410-JCC, 2020 WL 2111249 (W.D. Wash. May 4, 2020). In *Wheeler*, Rodney Wheeler sued King County Detectives Eleanor Broggi and Matthew Olmstead for, like here, making false statements in applications for a warrant and for omitting important exculpatory facts. *Id.* at *1. The amended complaint here states that neither defendant in *Wheeler* was disciplined for the alleged misconduct, and that the County later settled the case for $500,000. Dkt. # 41 at 13. While several claims survived a motion to dismiss, *see Wheeler*, 2020 WL 5350641 at *7–13, there appears to be no final adjudication of liability.

The amended complaint asserts that the County's knowledge of prior deception by the *Wheeler* defendants—combined with the judicial deception presented here— shows that the County "has sanctioned a de facto policy where acquiring warrants through judicial deception remains an acceptable practice within the King County Sheriff's Department." Dkt. # 41 at 14.

But this does not plausibly suggest the existence of a longstanding custom or policy. The amended complaint identifies only one other instance of judicial deception. Typically, one or two instances of prior misconduct cannot demonstrate a widespread custom or policy. *See, e.g.*, *Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 WL 5068567, at *4 (N.D. Cal. Nov. 3, 2017) ("The Ninth Circuit has found that one or two incidents of excessive force are inadequate to establish municipal liability."); *Ames v. City of Tempe*, 2021 WL 5578868, at *6 (D. Ariz. Nov. 29, 2021). True, a municipality's unconstitutional custom or practice "can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant

ORDER - 5

municipal officers were not discharged or reprimanded." *Hunter v. Cnty. Of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (citation and quotation marks omitted). But the Ninth Circuit has emphasized that "isolated or sporadic incidents" do not suggest the existence of a longstanding practice or custom. *Trevino*, 99 F.3d at 918. Instead, there must be "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* And while prior cases of similar conduct may provide some evidence that a practice is so ubiquitous that it amounts to official policy, such cases are less helpful when they do not result in an adjudication of wrongdoing. *Cf. O'Toole v. City of Antioch*, 2015 WL 5138277, at *14 (N.D. Cal. 2015) ("The mere fact that lawsuits were filed does not establish that a pattern of constitutional violations actually occurred.").

To be sure, the Court recognizes that this presents a somewhat close question at the motion to dismiss phase. This is particularly so given the fairly close temporal proximity between *Wheeler* and this case. The Court also "recognizes the inherent difficulty of identifying specific policies absent access to discovery." *Jones v. Cty. of Contra Costa*, No. 13-CV-05552-I, 2016 WL 1569974, at *2 (N.D. Cal. Apr. 19, 2016). But without more, the Court concludes that Plaintiff has failed to state a plausible claim for relief.

B.  Ratification

A local government can be liable when it "ratifies" the unlawful conduct of an employee. "To show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" *Christie*, 176 F.3d at 1239 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "We have found municipal liability on the basis of ratification when the officials involved adopted and expressly approved of the acts of others who caused the constitutional violation." *Sheehan v. City & Cnty. of San*

*Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600 (2015) (citation omitted).

Here, there are at least two problems with Wondie's ratification-based theory of *Monell* liability.

First, the amended complaint does not identify a policymaker who ratified Decker and Alvarez's decisions. The amended complaint identifies only "King County." *See Dizon v. City of S. San Francisco*, No. 18-CV-03733-JST, 2018 WL 5023354, at *5 (N.D. Cal. Oct. 16, 2018) (dismissing ratification-based claim because "the City is an organizational entity, not 'an official' sufficient for a ratification claim."); *Schulthies v. Nat'l Passenger R.R. Corp.*, 650 F. Supp. 2d 994, 1001 (N.D. Cal. 2009) ("[T]he third *Monell* avenue applies to an 'official,' not to the organizational entity."). In his opposition brief, Wondie asks the Court to infer (or judicially notice) that the ratifying policymaking official was King County Sheriff Mitzi Johanknecht. Dkt. # 45 at 6 n.1. But the amended complaint cannot be cured by new information provided in a brief. *See Lloyd v. Rufener*, 2019 WL 2583167, at *11 (W.D. Wash. 2019). Wondie will have an opportunity to fix this oversight through amendment.

Second, and more importantly, the amended complaint does not plausibly suggest that an official "ratified" the alleged misconduct, as the term has been interpreted by the Ninth Circuit. "Ratification . . . generally requires more than acquiescence." *Sheehan*, 743 F.3d at 1231. It requires a "conscious, affirmative choice to approve [the employee's] actions." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016); *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992). "The mere failure to discipline [the employees] does not amount to ratification of their allegedly unconstitutional actions." *Sheehan*, 743 F.3d at 1231; *Clouthier*, 591 F.3d at 1253-54 (same); *Dizon*, 2018 WL 5023354, at *5 ("Failure to discipline alone is

insufficient to state a claim under a ratification theory."); *Zaragoza v. County of Riverside*, 2021 WL 968967, at *3 (C.D. Cal. 2021) (same).  Similarly, "[a] mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004); *see also Christie*, 176 F.3d at 1239 ("[I]t is well-settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval.").  "To hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law." *Gillette*, 979 F.2d at 1348.

The amended complaint plausibly suggests that some policymaker may have known about at least some of the alleged constitutional violations: It is reasonable to infer that senior policymakers were aware of the alleged misconduct when a federal court held that Decker misleadingly presented false information to secure a warrant.[1]  But the pleading does not plausibly allege that an official made a "conscious, affirmative choice to approve [the] actions." *Clouthier*, 591 F.3d at 1253.  Instead, Wondie's theory of ratification is based on the County's alleged failure to discipline Decker and Alvarez after the fact.  But neither "failure to overrule a subordinate's actions," *Lytle*, 382 F.3d at 987, nor "mere failure to discipline," *Sheehan*, 743 F.3d at 1231, can *alone* justify an inference of ratification (at least for an isolated incident).  The "ratification" that Wondie points to looks more like mere knowledge of or acquiescence to the alleged constitutional violation, not the conscious, deliberate ratification required by Ninth Circuit case law.  *See Waring v. County of Orange*, 2020 WL 7232119, at *5 (C.D. Cal. 2020) ("To survive a motion to dismiss, a complaint must allege that the ratification was a conscious, affirmative choice."); *Sheehan*, 743 F.3d at 1231.  In order to survive a motion to dismiss,

---

[1] It is less clear, however, that a policymaker knew about the alleged misuse of ballistics evidence and the alleged misuse of SWAT resources.

Wondie must allege some additional facts that a policymaker had "knowledge of the constitutional violation and actually approve[ed] of it." *Lytle*, 382 F.3d at 987.

These conclusions apply to all three categories of alleged wrongdoing ("judicial deception," misuse of ballistics evidence, and improper use of SWAT resources). Any amended pleading must allege sufficient facts to "nudge[] the[] claims across the line from conceivable to plausible" for all three categories of wrongdoing. *Twombly*, 550 U.S. at 1974.

## IV
### CONCLUSION

For the reasons above, the Court GRANTS the motion to dismiss (Dkt. # 42) without prejudice. The Court GRANTS Plaintiff leave of twenty-one (21) days to file a second amended complaint.

Dated this 3rd day of January, 2023.

John H. Chun
United States District Judge

ORDER - 9